# United States Bankruptcy Court
## Western District of Virginia

In re **Kyle Chapman Prichard**

Debtor

Case No. **22-50574**

Address **9074 Valley View Road, Mc Gaheysville, VA 22840**

Chapter **7**

Last four digits of Social Security or Individual Tax-payer Identification (ITIN) No(s).,(if any): **xxx-xx-0180**

Employer's Tax Identification (EIN) No(s). (if any):

## NOTICE OF HEARING

Please take notice that a hearing on the Debtor's Motion for Stay will be held on March 21, 2023 at 3:00 p.m. by Zoom videoconference. The URL is

https://www.zoomgov.com/j/1603692643.

### COMBINED RESPONSE OF DEBTOR TO MOTIONS BY COOPERS AND ZIRKLES FOR RULE 2004 EXAMINATIONS AND PRODUCTION AND MOTION FOR STAY

The Coopers and Zirkles seek an order authorizing a bankruptcy rule 2004 examination and production of documents to assess "whether grounds exist to object to Debtor's discharge [sic][1] arising from Debtor's actions or inactions pursuant to" the creditors construction contract with the defunct Grace Custom Builders, LLC, of which the debtor was a 51% owner. According to the creditors the Rule 2004 examination is necessary "to investigate the conduct of the Debtor" relating to the construction projects and the "financial entanglements of Debtor and Grace." They seek authority to the fullest extent permitted by Rules 2004 and 9016."

The Coopers and the Zirkles are the criminal complainants/alleged victims in criminal felony construction fraud and false pretenses cases presently pending against the debtor in Shenandoah General District Court, Commonwealth v Kyle Prichard, GC 2300094800, 2300004000, GC2300004100. Preliminary hearings in those cases are set for May 12, 2023. The inquiries in the criminal actions and the inquiries that the Coopers and Zirkles seek here will entirely or almost entirely overlap. The creditors seek unfettered discovery of the debtor, his lenders, his family members and business associate allegedly to determine whether the creditors can establish non-dischargeabilty claims for fraud or false pretenses under section 523; the criminal cases likewise involve identical claims that debtor made misrepresentations in the inducement of the construction contracts or took draws with no intention of performance work with intent to defraud.

The availability and scope of Rule 2004 as discovery tool is within the sound discretion of the

---

[1] The Coopers and Zirkles obtained an extension until May 23,2023 to file complaints for the dischargeality of the debtor's alleged debts under 11 USC sec 523, but did not seek an extension for the purpose of objecting to the debtor's discharge. In an email to undersigned counsel, Mr. Milo stated that the relief his c lients' may seek is to dischargeability of their claims, not to the debtor's discharge.

bankruptcy court and it is not unlimited.  In re Enron Corp, 281 B.R 836. 840 (Bank S.D. N.Y. 2002). The party seeking Rule 2004 examinations bears the burden to show good cause for the discovery it seeks, and good cause is shown if the examination is necessary to establish the claim of the party seeking the examination, or if denial of such request would cause the examiner undue hardship or injustice.  First Connecticut Consulting Group, Inc, Case No 02-50852 (Bank. D. Conn. July 19, 2017) at 1; In re Dinulbilo, 177 B.R. 932, 940 (E.D. Cal. 1992)  In determining whether good cause exists bankruptcy courts must balance the competing interest of the parties, weighing the relevance of and  necessity of the information sought by examination and the burden to the examinee(s).  First Connecticut Consulting Group, Inc. at 1-2.

In the present, the creditors have not articulated in their motions good cause to obtain discovery it seeks from the examinees it has identified.  In this context, Local Rule 9013-1B requires the movant to state the grounds for its motion "with particularity." Judged under this Rule, the creditors motion is woefully lacking. The debtor seeks unspecified discovery from four lenders, ie Dupont Federal Credit Union, Farmers & Merchants Bank, Park View Federal Credit Union and Pioneer bank, who are listed as creditors on the debtor's schedules. However, the only basis for a Rule 2004 examination the creditors proffer to examine these lending institutions is that the debtor "identified relationships with several financial institutions in his bankruptcy schedules during the Continued 341 Meeting" (Motions, par 23). This vague allegation fails to identify even at the most general level what information the creditors seek to gather from these financial institutions and how the information is relevant to their potential false pretenses or fraud nondischargeability claims. (For that matter, the creditors have failed to articulate in writing the specific representations or promises that it claims could form the basis of a fraud or false pretenses claim). Having failed  to allege the good cause for examining and subpoenaing with particularity, the creditors are not entitled to the relief it seeks.  (The creditors' counsel should not be allowed to come to oral argument and allege grounds not stated in their motion since Rule 9013-1B requires the grounds to be in writing and stated with **particularity**, so that the opposing party ie debtor can fairly meet and defend the allegations)

Next the creditors seek to examine the debtor's father and his father in law.  The  creditors do not allege that his father or father in law had any role or connection in the debtor's former and now defunct construction business. The creditors do not allege that the debtor's family had any role in the formation and/or performance of the  construction contracts at issue. Why do the creditors want to disturb the debtor's family? The only allegation in the motion is that they provided financial help in late 2022 to the debtor.   The creditors do not explain how the debtor's family's financial help to the struggling debtor will help prove that the debtor made false promises or breached the promises or intended to defraud the creditors.  And the burden on family of being subject to rule 2004 examinations on this tangential point outweighs the benefit of deposing and subpoenaing documents from the debtor's family. It is harrassment.

In the context of a motion for a rule 2004 examination, the Court in In re HJH Consulting Group,Inc., Case No. 18-50788 (Bankr.  W.D. Texas, August 24, 2018) at 3, held that:

> where civil and criminal proceedings run parallel and concern exists that discovery in the civil case might reveal inculpatory evidence, parties and courts must coordinate proceedings to maximize discovery without jeopardizing the rights of the defendant. Liberal civil discovery procedures are not to be used as a "back door" to access information beyond the reach of criminal discovery. Even if the investigating entity in the criminal trial is not a party in the civil trial, incriminating information in the civil proceeding may be passed along to the prosecutor, and testimony may be admissible in the criminal trial as an admission of a party-opponent. Therefore in some instances discovery should be deferred, questions must be omitted , or the proceeding should be stayed. On balance, administrative policy give more weight and deference to the criminal proceeding.

In exercising its discretion on whether to stay a rule 2004 examination, the Court in In re Cyber Litigation, Inc.,

Case No. 20-12702 (Bankr. Del. June 28, 2021), at 7-8 states that "a robust body of caselaw identifies the following factors courts should consider when criminal charges are pending:

(i) the extent of the overlap between the issues in the criminal case and those in the civil case;
(ii) the status of the criminal case, including whether the defendant has been indicted;
(iii) the private interests of the plaintiff in proceeding expeditiously, weighted against the prejudice to plaintiff caused by the delay;
(iv) the private interests of and burden to the defendant;
(v) the interests of the courts; and
(vi) the public interest.

In the Cyber Litigation, Inc.'s court's view, these factors reflect a recognition that allowing a civil case to proceed against an individual who is facing criminal charges risks putting the defendant "between a "rock and and hard place" A person facing criminal charges will often be well advised to invoke the Fifth Amendment to avoid the risk that his testimony may be misconstrued or taken out of context in a subsequent criminal trial, but where the debtor does so he faces the risk that the trier of fact in the adversary proceeding will be asked to infer the negative inference that the defendant's committed the acts in question.

Applying these factors, the Court should stay and postpone the Rule 2004 examination of the debtor and his former business "partner" in this case. There is an almost complete overlap between the elements and the facts the creditors must prove to establish fraud or false pretenses to support their nondischargeability claims, and the elements and facts that the Commonwealth must prove to establish criminal construction fraud and false pretenses. These are the very matters that are likely to implicate the Fifth Amendment rights of the debtor and his partner. There are actual criminal cases pending against the debtor. In addition, the creditors interest in taking the rue 2004 examinations of the debtor and his associate are relatively weak, given that they could initiate adversary proceedings which would invoke the tools of discovery-- that are more limited --that the shotgun approach of a Rule 2004 examination. Moreover, the interest in judicial economy weighs in favor of denying or staying the proceedings here. In the event the debtor were convicted of the criminal charges beyond a reasonable doubt, then it would be unnecessary to adjudicate the nondischargeability claims based on the collateral estoppel effects of the criminal litigation. For all of these reasons, the debtor prays that the creditors motion be granted and the debtor's motion for a stay be granted

| | |
|---|---|
| Date **March 17, 2023** | Signature **/s/ Steven Shareff** |
| | Name **Steven Shareff 24323 VA** |
| | Address **Steven Shareff, Esquire** |
| | **PO Box 729** |
| | **Louisa, VA 23093** |
| | **(540) 748 2176** |
| | **eleban39@aol.com** |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served electronically on the creditors Coopers and Zirkles and the chapter 7 trustee this 17th day of March, 2023.

/s/ Steven Shareff