UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 7 |
| KYLE CHAPMAN PRICHARD, | ) | Case Number 22-50574 |
| | ) | |
| _____Debtor._____ | ) | |
| | ) | |
| GERARD R. VETTER, | ) | |
| Acting United States Trustee For Region 4, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | AP Number 23-05017 |
| | ) | |
| | ) | |
| KYLE CHAPMAN PRICHARD, | ) | |
| | ) | |
| _____Defendant._____ | ) | |

## NOTICE OF HEARING

PLEASE TAKE NOTICE THAT, unless an Order is entered by the Court before the hearing, a hearing on the Motion set out below will be held on June 6, 2024, at 10:00 a.m. before the Honorable Rebecca B. Connolly via Zoom for Government using the following information: Meeting ID: 160 369 2643; URL: https://vawb-uscourts-gov.zoomgov.com/j/1603692643.

## MOTION FOR ENTRY OF AN AGREED ORDER UNDER 11 U.S.C. § 727(a)

Comes now Gerard R. Vetter, Acting United States Trustee for Region 4 (the "United States Trustee"), by counsel moves the Court to enter the proposed Agreed Order attached as **Exhibit A** under 11 U.S.C. § 727(a) and, in support of this motion, the United States Trustee respectfully states as follows:

1.      The Debtor is an individual who filed a petition for relief under chapter 7 of the Bankruptcy Code on December 22, 2022.

1

2.      The United States Trustee, by counsel, timely filed a complaint seeking a denial of the Debtor's discharge on August 30, 2023.  That Adversary Proceeding has been proceeding in this Court under AP No. 23-05017 (the "Adversary Proceeding").

3.      The Adversary Proceeding is set for trial from September 3, 2024 to September 4, 2024.

4.      On May 17, 2024, the Debtor, by counsel, filed a Notice and Motion to Convert from Chapter 7 to Chapter 13 (Docket No. 109) (the "Motion to Convert").  Pursuant to Local Rule 1017-3, the Debtor's case will convert to Chapter 13 absent an objection filed within 21 days of May 17, 2024.

5.      Prior to and after the filing of the Motion to Convert, counsel for the United States Trustee and counsel for the Debtor engaged in discussions about a resolution of the Adversary Proceeding.

7.      The Debtor desires to avoid the effort and expense of further litigating the Adversary Proceeding and the United States Trustee desires to avoid the effort of litigating Debtor's ability to convert his case to Chapter 13.

8.      The parties have reached a resolution that they wish for the Court to approve that provides as follows:

a.      The Debtor, within seven days of the entry of an Order substantially in the form of Exhibit A, will: (i) sign a waiver of discharge and provide the original to counsel for the United States Trustee; (ii) sign an Order approving the waiver and provide the original to counsel for the United States Trustee; and (iii) Debtor's counsel shall endorse said Order and provide same to counsel for the United States Trustee;

2

b.      The Order approving the settlement directs the United States Trustee to file the waiver and tender the Order approving the waiver after any of the following take place: (i) entry of an Order which becomes final and unappealable that converts any converted case back to one under chapter 7 of the Bankruptcy Code; or (ii) the Debtor files a motion seeking dismissal of the case;

c.      The Order approving the settlement bars the Debtor from opposing, in any manner whatsoever, the entry of an Order approving the waiver if it is filed with the Court after: (i) entry of an Order which becomes final and unappealable that converts any converted case back to one under chapter 7 of the Bankruptcy Code; or (ii) the Debtor files a motion seeking dismissal of the case;

d.      within a reasonable time after the entry of an Order converting the case to Chapter 13, the United States Trustee, by counsel, shall tender an Order dismissing the Adversary Proceeding as moot;

e.      absent further Order of the Court, the Debtor shall not be required to respond to the outstanding discovery served on him by the United States Trustee;

f.      should the Debtor's case not convert to Chapter 13 on the Motion to Convert, the parties shall continue to litigate the Adversary Proceeding.

WHEREFORE, the United States Trustee, by counsel, moves the Court to enter the proposed Agreed Order attached as Exhibit A.

Date:   May 30, 2024                    Respectfully submitted,
                                        United States Trustee
                                        By: /s/ B. Webb King

3

B. Webb King (VSB #47044)
Office of the United States Trustee
210 First Street, S.W., Suite 505
Roanoke, Virginia 24011
540-857-2838
Webb.King@usdoj.gov
Trial Attorney for the United States Trustee

## CERTIFICATE OF SERVICE

I certify that on May 30, 2024, I electronically filed the foregoing with the United States Bankruptcy Court for the Western District of Virginia which should have caused electronic notifications of filing to be served on all registered users of the CM/ECF System that have appeared in this case.

/s/ B. Webb King

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 7 |
| KYLE CHAPMAN PRICHARD, | ) | Case Number 22-50574 |
| | ) | |
| _____Debtor._____ | ) | |
| | ) | |
| GERARD R. VETTER, | ) | |
| Acting United States Trustee For Region 4, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| *v.* | ) | AP Number 23-05017 |
| | ) | |
| | ) | |
| KYLE CHAPMAN PRICHARD, | ) | |
| | ) | |
| _____Defendant._____ | ) | |

## <u>AGREED ORDER UNDER 11 U.S.C. § 727(a)</u>

The matter before the Court is the motion for entry of an Agreed Order [Docket No. _____]

filed by the United States Trustee, by counsel.  Having reviewed the pleadings and with the consent

of the parties, the Court finds that: jurisdiction is proper; venue is proper; this is a core proceeding;

and cause exists to grant the relief contained in this Order.  It is accordingly

ORDERED

5

that:

1.      the motion [Docket No. _____] is GRANTED;

2.      within seven days of the entry of this Order the above-captioned Debtor shall provide to counsel for the United States Trustee: (i) a waiver of discharge containing his original signature and (ii) an Order approving the waiver which contains his original signature and the endorsement of his counsel;

3.      the United States Trustee shall file the waiver and tender the Order approving the waiver after any of the following: (i) entry of an Order which becomes final and unappealable that converts any converted case back to one under chapter 7 of the Bankruptcy Code; or (ii) the Debtor files a motion seeking dismissal of the case;

4.      the Debtor shall be prohibited from opposing, in any manner whatsoever, the entry of an Order approving the waiver if it is filed with the Court after any of the following: (i) entry of an Order which becomes final and unappealable that converts any converted case back to one under chapter 7 of the Bankruptcy Code; or (ii) the Debtor files a motion seeking dismissal of the case;

5.      within a reasonable time after the entry of an Order converting the case to Chapter 13, the United States Trustee, by counsel, shall tender an Order dismissing Adversary Proceeding No. 23-05017 as moot;

6.      absent further Order of the Court, the Debtor shall not be required to respond to the outstanding discovery served on him by the United States Trustee.

The hearing set for June 6, 2024 is CANCELLED.

The Clerk shall transmit a copy of this Order through the CM/ECF System to all parties designated to receive same and no further service shall be required.

*** END OF ORDER ***

REQUESTED:
United States Trustee

_____
B. Webb King (VSB #47044)
Office of the United States Trustee
210 First Street, S.W., Suite 505
Roanoke, Virginia 24011
540-857-2838
Webb.King@usdoj.gov
Trial Attorney for the United States Trustee

SEEN AND AGREED:
Kyle Chapman Prichard
_____
Steven Shareff, Esq.
VSB #24323
PO Box 729
Louisa Virginia 23093
(540) 748 2176
eleban39@aol.com
Attorney for the Debtor(s)